MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion in the following respects.
I agree with the majority’s affirmance of the trial court decision to exclude evidence of alleged violations of subdivison laws and regulations by the plaintiffs.
I disagree with the majority’s conclusion that Jury Instructions No. 8 and No. 10 as given by the District Court are an incorrect statement of the law. In substance these instructions stated that the adjacent land owners as abutting owners have a special right to use the lands within the subdivison and that the attempted one foot reservation from dedication of the public road in the subdivision was ineffective and void because the change was not made part of an amended plat nor was the procedure for vacating a public roadway followed. Basically the instructions correctly set forth the appropriate law for this case.
The certificate of dedication of the plat contained the following statement:
“The above described tract of land is to be known and designated as LITTLE BEAR SUBDIVISION . . . and the lands included in all streets, are hereby granted and donated to the use of the public forever . . . .”
No modification of the dedication was made by amendment, vacation or otherwise. It is therefore clear that the streets in the plat were effectively granted to and owned by the public. The purported agreement between the defendants and the county commissioners provided that one foot of area in all streets adjacent to the exterior boundaries of the subdivision shall be considered as reserved from the dedication contained in the plat. I find no authority for such a reservation. The reservation contradicts the plat itself. The effect of the dedication in the plat is stated in sec. 76-3-103(2), MCA as follows:
“ ‘Dedication’ means the deliberate appropriation of land by the *42 owner for any general and public use, reserving to himself no rights which are incompatible with the full exercise and enjoyment of the public use to which the property has been devoted.”
The purported agreement was of course in complete derogation of the foregoing statutory definition of dedication to the public in that it attempted to make the exterior one foot area of the street unavailable for full exercise and enjoyment by the public. The controlling standards for amendment or change in a plat with regard to the use of the one foot portion of a street are contained in the Uniform Standards for Final Subdivision Plats at sec. 8.94.3003 of the Administrative Rules of Montana. Section 1(d) of those standards provides:
“(d) Changes to a filed subdivision plat must be filed with the county clerk and recorder as an amended plat. An amended plat may not be filed unless it meets the filing requirements for a final subdivision plat specified in these rules ...”
It is clear there was no attempt on the part of anyone to amend the plat in a . manner consistent with these standards. In addition sec. 16.2 of the Gallatin County Subdivision Regulations provides:
“Material Alterations. Amendments that materially alter the final plats shall be made by the filing of an amended plat, approved by the governing body . ' . .”
No attempt was made to amend as required under the Subdivision Regulations of the County.
The portion of the agreement between the defendants and the County relied upon as a protection by the defendants is as follows:
“1. The one foot of land area in all within LITTLE BEAR subdivision, immediately adjacent to the exterior boundaries thereof shall be considered as RESERVED from the dedication contained on the plat of LITTLE BEAR.”
There is no authorization for such an agreement. The above cited standards and regulations prohibit any such agreement. It is obvious that the intent of the agreement was to subvert the Certificate of Dedication, which granted to the public the ownership and right to use all of the streets including the one foot in question.
I would therefore agree with the contention of the plaintiffs that the contract is void under sec. 28-2-603, MCA, which in substance provides that where the single object of a contract is unlawful, the entire contact is void. That is an accurate description of this particular contract.
I would therefore conclude that the instructions given were a cor *43 rect statement of the law. In doing so I would point out that the District Court in the last sentence of Instruction No. 10 directed the jury that it may consider the defendants’ actions concerning the agreement with the County Commissioners in determining whether the defendants acted innocently or in good faith or whether they acted maliciously. After the receipt of the instructions, the jury rendered a verdict for the plaintiffs in the amount of $22,000 actual damages and $20,000 in punitive damages.
I would hold that Jury Instructions No. 8 and No. 10 were adequate statements of the law.
I would further hold that the trial court did not err in its refusal to instruct on the law of rescission. I find no basis for requiring some type of notice before rescinding a contract which is improper and therefore unlawful under the statutes. I do not see how some sort of equitable requirement is necessary before Gallatin County gave notice that it cancelled the contract which on its face is illegal.
In addition, I do not find that the award of damages was excessive or unsupported by substantial evidence. As I have previously indicated, the instruction regarding the attempted reservation of one foot of the streets stated to the jury that it could consider the actions of the defendants in determining whether the defendants acted innocently or in good faith or maliciously. It seems clear that all of these were issues properly determined by the jury in accordance with the law. I would affirm the District Court.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE MORRISON join in the foregoing dissent.